UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE WILLIAMS, o/b/o
PHILLIP WILLIAMS,

      Plaintiff,               CIVIL ACTION NO. 02-73888

    v.                    DISTRICT JUDGE JOHN CORBETT O'MEARA
                              MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF           FORMERLY ASSIGNED TO
SOCIAL SECURITY,          MAGISTRATE JUDGE WALLACE CAPEL, JR.,

      Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendant's Motion for Summary Judgment should be GRANTED, as there was substantial evidence on the record supporting the Commissioner's determination terminating disability benefits.

* * *

Claimant is an adult male who is now twenty-five years old. The Social Security Administration (SSA) originally awarded him childhood disability benefits in May 1996, based on mental depression, a learning disorder and back pain.  Phillip turned 18 years old on April 19, 1999.  His medical eligibility was subsequently reviewed by the SSA and found to have ceased effective July 1, 1999, as a result of medical improvement (TR 37). The cessation of benefits was affirmed upon reconsideration by the SSA. A requested <u>de novo</u>

hearing was held on October 25, 2005[1], before Administrative Law Judge (ALJ) Bennett S. Engelman. Claimant and his grandmother appeared and testified. In a decision dated November 8, 2005, ALJ Engelman determined that the claimant was not entitled to disability benefits after reaching the age of 18, because his mental deficiencies and back pain would not prevent him from performing a full range of light work activity. The Appeals Council declined to review that decision, and the case was reinstated for judicial review of the denial of benefits. The Defendant (only) has filed a Motion for Summary Judgment and the issue for review is whether Defendant's termination of disability benefits was supported by substantial evidence on the record.

Plaintiff was 24 years old at the time of the most recent administrative hearing (TR 393). He had an eleventh grade education, and had no vocationally relevant work experience (TR 393-394). Claimant alleged disability due to back pain, mental depression and low intellectual functioning (TR 394). Although Plaintiff was fully apprised of the right to representation, he chose to proceed without counsel. The ALJ had adjourned an earlier hearing when Plaintiff appeared without a lawyer (TR 384-389). Prior to adjourning the hearing, the ALJ had referred the claimant to Legal Aid for assistance in handling his disability case (TR 386). Plaintiff apparently did not follow through with the requirements to secure counsel.

---

[1]An earlier hearing was held in March 2001, which resulted in a decision to terminate disability benefits (TR 201-206). The decision to terminate benefits was subsequently vacated by this Court in March 2003, and remanded for further administrative proceedings (TR 14, 257-262). The administrative hearing, originally scheduled for May 2005, before ALJ Engelman, was adjourned in order to permit Plaintiff to obtain representation (TR 374-389).

Plaintiff testified that he injured his back in a 1994 motor vehicle accident (TR 367, 401). He explained that he continues to experience back pain whenever her attempts to pick up heavy objects (TR 394-395).  The claimant stated that he spent his days at home watching television and reading magazines, but that he occasionally played basketball with friends (TR 308, 350, 397).

The claimant's grandmother, Rose Williams, testified that Plaintiff had difficulty finishing projects (TR 400). She added that the claimant sometimes exhibited aggressive behavior, and that Plaintiff had to attend classes to help control his temper (TR 400).  The claimant possessed a driver's license, and he remained capable of cooking light meals, shopping for groceries and using public transportation (TR 94, 350, 401-402).

Michele Roth, a Vocational Expert, testified that there were a significant number of jobs that Plaintiff could perform if he were capable of simple, repetitive light work. These dishwashing, janitorial and housekeeping jobs did not require a lot of bending or stooping (TR 404-405).

LAW JUDGE'S DECISION

After finding that the claimant had never performed substantial gainful activity, the Law Judge determined that he was indeed impaired as a result of low intelligence and back pain, but that these conditions were not severe enough to meet or medically equal any of those found in the Listing of Impairments.  The ALJ found that the claimant was limited to simple, unskilled work that did not require lifting more than 20 pounds or remaining on his feet for more than 6 hours of a 8 hour workday.  Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of light jobs,as identified by the Vocational Expert.

3

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Once a district court acquires subject matter jurisdiction to review a final decision of the Commissioner, the court has the power to affirm, modify, reverse or remand the action.  Judicial review of those decisions is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo,  resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff remained capable of performing a significant number of simple,

4

unskilled, light jobs. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of a totally disabling mental disorder or low back pain.

A review of the record contains very little medical evidence documenting Plaintiff's claim that he suffers disabling physical and mental impairments. There record contains no evidence that the claimant has ever been diagnosed or treated for a back impairment. During psychological evaluations, Plaintiff exhibited no signs of pain, anxiety or discomfort. He was able to walk with a normal gait, maintained good posture, and displayed regular motor activity (TR 187, 315).

The record also failed to document that the claimant sought or received any significant treatment for mental or emotional impairments. The relevant medical evidence consists entirely of consultative examinations that were conducted pursuant to Plaintiff's application for disability benefits. While the claimant has a limited education and appears to exhibit borderline intellectual functioning, no physician has diagnosed him as mentally retarded or incapable of performing the intellectual requirements of work. To the contrary, mental heath professionals have described him as capable of working (TR 144, 315-320). Significantly, no doctor described specific functional limitations greater than those included in the ALJ's residual functional capacity.

In sum, the Commissioner's decision to terminate disability benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Defendant's Motion for Summary Judgment should be granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof

as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: December 14, 2006
_____

### CERTIFICATE OF SERVICE

I hereby certify on December 14, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 14, 2006.  **Rose Williams.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217